[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both parties appeared and were represented by counsel. All statutory stays having expired, the court has jurisdiction. CT Page 10670
Having heard the evidence, the court finds as follows:
The plaintiff and defendant, whose maiden name was Baremore, intermarried at Montville, Connecticut on October 20, 1990; that the plaintiff has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there are two minor children issue of the marriage, Valerie A. Murach, born December 11, 1995 and Timothy J. Murach, born February 27, 1992; that there were no other minor children born to the plaintiff since the date of the marriage of the parties; that the marriage has broken down irretrievably and that there is no hope of reconciliation.
The plaintiff did not testify as to the cause of the breakdown of the marriage. The defendant testified that the breakdown of the marriage was due to defendant's infidelity and financial problems resulting in the parties going into bankruptcy.
It is clear from the testimony of the parties that their marriage has broken down irretrievably. I find the plaintiff more at fault for the breakdown than the defendant.
The plaintiff, who was born May 29, 1957, has been disabled for two years. He is receiving social security weekly benefits of $431.86 and unemployment compensation of $376.00 weekly. His net income is $720.82.
In April, plaintiff unsuccessfully attempted to return to his former employment at Fisher Controls International, Inc., as his former position had been eliminated.
Because plaintiff is now available for work his social security benefits will cease in February 2000. The social security allotment of $618.00 for his children, paid to the defendant, will also terminate in February 2000.
The defendant appears to be in good health. She is presently employed as a nurse's aide at the Lawrence Memorial Hospital, New London, Connecticut. She is employed 32 hours per week and receives a net weekly income of $256. Presently, she receives $100 per week support for her children. Her continued employment seems good. CT Page 10671
The parties jointly own the marital residence at 3 Cedar Drive, North Stonington, purchased in April 1, 1990 for $135, 000. The parties made a down payment of $35,000.00, a loan from plaintiff's parents, and took out a $100,000.00 mortgage. On April 1, 1999, the mortgage was refinanced for $102,600.00. Since the defendant had previously quit claimed her interest in the property to the plaintiff, she was not involved in the refinancing.
The plaintiff is paying $215.00 per month on his parent's loan. Presently, the balance on said loan is $32,000.00, more or less.
Many improvements made to the marital home were paid from the parties' joint bank accounts. The defendant sold her mobile home for $20,000.00, which money was used by the parties to pay for a vacation, a $1,500.00 loan to the plaintiff and for home improvements.
According to Defendant's Exhibit 2, the present highest market value of the marital home is $103,000.00. However, plaintiff claims there is a $15,000.00 equity in I the property.
The defendant is willing to allow plaintiff to have the home in return for a $5,000.00 payment to her within ten years with said debt secured by a mortgage on the property at the prevailing residential interest rates on the unpaid balance.
As indicated above, the Court finds the plaintiff to be more at fault for the breakdown of the marriage. A decree dissolving the marriage of the parties is ordered.
After considering the factors in Connecticut General Statutes §§ 46b-62, 81 and 82 the following orders are entered which the court finds to be fair and equitable.
1. The parties shall share joint legal custody of minor children with primary custody to the defendant subject to plaintiffs reasonable rights of visitation as is set forth in the joint proposed orders dated July 13, 1999.
2. The plaintiff shall pay to the defendant $123.36 per week child support for the minor children. Said support shall be retroactive to June 29, 1999. CT Page 10672
3. The plaintiff shall pay to the defendant $100 per week alimony for a period of three years. Said alimony shall sooner terminate upon defendant's remarriage, death or cohabitation with an unrelated male. No alimony is awarded to the defendant.
4. The defendant will continue to maintain the minor children on her medical insurance as is available through her employment. The parties shall share equally the unreimbursed medical. The defendant shall cooperate with the plaintiff to ensure his coverage on defendant's medical insurance pursuant to Cobra at plaintiffs sole cost.
5. The plaintiff shall transfer all of his right, title and interest in the marital home at 3 Cedar Drive, North Stonington, Connecticut to the defendant. She shall hold the plaintiff harmless on any and all mortgages, liens on the property and all costs and expenses associated with ownership of the property.
6. The plaintiff shall be solely responsible for the loan from his parents and shall hold the defendant harmless on said loan.
7. The contents of the home shall be divided equitably. In the event of disagreement, the parties shall submit to binding arbitration and share the costs of same.
8. Each party shall take one child as a dependent for income tax purposes. If they cannot agree on whom to take, the plaintiff shall take Timothy and the defendant shall take Valerie as deductions.
9. The defendant shall be entitled to 50% of that portion of the plaintiffs Fisher Control Pension which accrued during the parties' marriage. Plaintiffs attorney shall prepare the necessary papers to effectuate the transfer.
10. The defendant shall keep the 1995 Dodge Caravan, her Lawrence and Memorial credit union account, her oak desk, ice box, 10-speed bike and personal jewelry. She shall hold the plaintiff harmless on any liens or loans on said automobile.
11. The plaintiff shall keep the 1992 Chevrolet, his tools, computer, gold chain and his People's checking and savings account and one-half of his Fisher Control pension. He shall hold the defendant harmless on any liens or loans on said automobile. CT Page 10673
12. Each party shall pay the debts listed on their respective financial affidavits and hold the other harmless on the other's debts.
13. Each party shall pay their own attorney's fees.
Vasington, JTR